**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| PATRICIA ANN SEXTON, | ) | NO. ED CV 09-1951-E |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

Plaintiff filed a complaint on October 21, 2009, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on November 12, 2009. Plaintiff filed a motion for summary judgment on March 24,

2010. Defendant filed a cross-motion for summary judgment on April 23, 2010. The Court has taken both motions under submission without oral argument. See L.R. 7-15; "Order," filed October 23, 2009.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff alleges disability since December 11, 2006, based primarily on back pain and a fractured tailbone (Administrative Record ("A.R.") 23-33, 79-81). In a conclusory "Certificate of Disability, etc.," treating osteopath Niran Raval asserted that Plaintiff has been "disabled from 01-07 to current" and that Plaintiff "will not be able to return to previous employment" (A.R. 316).

The Administrative Law Judge ("ALJ") found Plaintiff has "a severe impairment of the musculoskeletal system from degenerative changes of the spine," but also found that Plaintiff is capable of returning to her past relevant work (A.R. 11-17). The ALJ reportedly "considered the certificate of disability and other references to 'off work orders' issued by Niran Raval, D.O., included in the treatment records from the ARMC Family Health Center . . ." (A.R. 15). The ALJ "gave no weight" to Dr. Raval's opinions, however, deeming those opinions to "have no probative value" (A.R. 15-16). While attempting to explain why the ALJ believed Dr. Raval's opinions to be valueless, the ALJ asserted that those opinions were "not supported by the objective evidence," were "on an issue reserved to the Commissioner," and "were based solely on [Plaintiff's] subjective complaints" (A.R. 15). The Appeals Council denied review (A.R. 1-3).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used proper legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); Widmark v. Barnhart, 454 F.3d 1063, 1067 (9th Cir. 2006).

**DISCUSSION**

A treating physician's conclusions "must be given substantial weight." Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988); see Rodriguez v. Bowen, 876 F.2d 759, 762 (9th Cir. 1989) ("the ALJ must give sufficient weight to the subjective aspects of a doctor's opinion . . . This is especially true when the opinion is that of a treating physician") (citation omitted); see also Orn v. Astrue, 495 F.3d 625, 631-33 (9th Cir. 2007) (discussing deference owed to treating physician opinions). An osteopath qualifies as a treating physician. See, e.g., Sutherland v. Barnhart, 322 F. Supp. 2d 282, 291 (E.D.N.Y. 2004); Berry v. Secretary, 1986 WL 14600 at *4 (E.D.N.Y. December 11, 1986); see also 20 C.F.R. § 404.1513(a). Even where the treating

physician's opinions are contradicted,[1] "if the ALJ wishes to disregard the opinion[s] of the treating physician he . . . must make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987) (citation, quotations and brackets omitted); see Rodriquez v. Bowen, 876 F.2d at 762 ("The ALJ may disregard the treating physician's opinion, but only by setting forth specific, legitimate reasons for doing so, and this decision must itself be based on substantial evidence") (citation and quotations omitted).

Section 404.1512(e) of 20 C.F.R. provides that the Administration "will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all of the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques." See Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of Dr. Hoeflich's opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. He could also have continued the hearing to augment the record") (citations omitted); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983) ("the ALJ has a special duty to fully and fairly develop the record and to assure that the claimant's interests are

---

[1] Rejection of an uncontradicted opinion of a treating physician requires a statement of "clear and convincing" reasons. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984).

1  considered").

2

3       In the present case, the ALJ erred by rejecting Dr. Raval's
4  opinions without stating specific, legitimate reasons for doing so,
5  and without attempting to recontact Dr. Raval.  The stated reason that
6  the opinions assertedly were "not supported by the objective evidence"
7  is insufficiently specific.  See, e.g., McAllister v. Sullivan, 888
8  F.2d 599, 602 (9th Cir. 1989) ("broad and vague" reasons for rejecting
9  the treating physician's opinions do not suffice); Embrey v. Bowen,
10 849 F.2d 418, 421 (9th Cir. 1988) ("To say that the medical opinions
11 are not supported by sufficient objective findings or are contrary to
12 the preponderant conclusions mandated by the objective findings does
13 not achieve the level of specificity our prior cases have required . .
14 .").

15

16      The ALJ's statement that Dr. Raval's opinions were "on an issue
17 reserved to the Commissioner" also does not furnish a sufficient
18 reason to reject the opinions.  Although the ultimate issue of
19 disability is reserved to the Administration, the ALJ still must set
20 forth specific, legitimate reasons for rejecting a treating
21 physician's opinion that a claimant is disabled.  See Rodriguez v.
22 Bowen, 876 F.2d 759, 762 n.7 (9th Cir. 1989) ("We do not draw a
23 distinction between a medical opinion as to a physical condition and a
24 medical opinion on the ultimate issue of disability.").

25

26      The ALJ's only other stated reason for rejecting Dr. Raval's
27 opinions appears speculative on the existing record.  Dr. Raval, who
28 reportedly had been treating Plaintiff since 2002, may or may not have

5

based the opinions "solely on [Plaintiff's] subjective complaints." The ALJ should have attempted to clarify the basis or bases of Dr. Raval's opinions rather than presume that the basis consisted solely of Plaintiff's subjective complaints. See 20 C.F.R. § 404.1512(e)(1); Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996); see also Brown v. Heckler, 713 F.2d 441, 443 (9th Cir. 1983).

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d 1496, 1497 (9th Cir. 1984).

The Ninth Circuit's decision in Harman v. Apfel, 211 F.3d 1172 (9th Cir.), cert. denied, 531 U.S. 1038 (2000) ("Harman") does not compel a reversal rather than a remand of the present case. In Harman, the Ninth Circuit stated that improperly rejected medical opinion evidence should be credited and an immediate award of benefits directed where "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman at 1178 (citations and quotations omitted). Assuming, arguendo, the Harman holding survives the Supreme Court's decision in

INS v. Ventura, 537 U.S. 12, 16 (2002),[2] the Harman holding does not direct reversal of the present case. Here, the Administration must recontact the treating physician concerning "outstanding issues that must be resolved before a determination of disability can be made." Further, it is not clear from the record that the ALJ would be required to find Plaintiff disabled for the entire claimed period of disability were the opinions of the treating physician credited.

## CONCLUSION

For all of the foregoing reasons,[3] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: May 6, 2010.

_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Ninth Circuit has continued to apply Harman despite INS v. Ventura. See Vasquez v. Astrue, 572 F.3d 586, 597 (9th Cir. 2009); Benecke v. Barnhart, 379 F.3d 587, 595 (9th Cir. 2004).

[3] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the payment of benefits would not be appropriate at this time.